**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dale Dean DAILEY, Jr., Defendant–Appellant.**

No. 00–30324.

D.C. No. CR 00–00097–MA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided Sept. 28, 2001.

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM *

Defendant Dale Dean Dailey, Jr., entered a conditional guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals the denial of his motion to suppress evidence recovered during a search of his residence, and also appeals the district court's imposition of a four-level enhancement under U.S.S.G. § 2K2.1(b)(5).

### A.   *The Motion to Suppress*

According to Defendant, the supporting affidavit was insufficient to establish probable cause for issuance of the warrant. We need not decide that question because, even if the warrant was not supported by probable cause, the evidence obtained in the search was admissible under the "good faith" exception. *United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *United States v. Clark,* 31 F.3d 831, 835 (9th Cir.1994). In

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

determining whether the "good faith" exception applies, "the inquiry is one of objective reasonableness; we must decide whether a reasonably well-trained officer would have known that this particular search was illegal despite the magistrate judge's authorization." *Id.*

■ Defendant's main argument is that the supporting affidavit was "so lacking in reliable information" that no reasonable officer would have relied on the resulting search warrant. We disagree. Although the informant who provided the details in the supporting affidavit was far from a model citizen, his statements were against penal interest and the investigating officers confirmed details of his story before they sought the warrant.

The issue for purposes of the "good faith" exception is not whether the magistrate judge was right to issue the warrant; rather, it is whether he was so obviously wrong that a police officer looking at the affidavit could not have had an objectively reasonable belief in the existence of probable cause. The affidavit was not so clearly inadequate, if it was inadequate at all.

B. *The Enhancement Under U.S.S.G. § 2K2.1(b)(5)*

■ U.S.S.G. § 2K2.1(b)(5) provides for an enhancement in cases in which a defendant "used or possessed any firearm or ammunition in connection with another felony offense." Defendant concededly possessed firearms but argues that there was insufficient evidence of the other felony offense (manufacture of methamphetamine) and, in the alternative, that there was no evidence that he possessed the firearms "in connection with" that activity.

The government presented sufficient evidence to establish the underlying felony. Evidence of the presence in Defendant's shed of laboratory-quality glassware covered with methamphetamine residue, cook-ware and a spatula with methamphetamine residue, and precursors like muriatic acid, iodine crystals, freon, and lye is sufficient to satisfy the government's burden of proof.

The government also proved that Defendant possessed the weapons to embolden or protect his drug-manufacturing activity. This is a recognized connection for purposes of this enhancement. *United States v. Polanco,* 93 F.3d 555, 567 (9th Cir.1996).

Defendant's guns were hidden in the shed in which he was manufacturing methamphetamine. As in *Polanco,* it is reasonable to infer that the presence of the firearms had some emboldening effect on Defendant, because the guns gave him a ready means to defend the drugs that he was manufacturing in an otherwise less-than-secure location.

AFFIRMED.